**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 08-4023**

—————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

THANG CAO,

        Defendant - Appellant.

—————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:06-cr-00055-RJC-20)

—————

Submitted: May 28, 2009          Decided: June 2, 2009

—————

Before WILKINSON, KING, and GREGORY, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Trevor M. Fuller, FULLER & BARNES, LLP, Charlotte, North Carolina, for Appellant. Edward R. Ryan, Acting United States Attorney, Thomas Tullidge Cullen, OFFICE OF THE UNITED STATES ATTORNEY, Steven R. Kaufman, Assistant United States Attorney, Charlotte, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thang Cao pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute methylenedioxymethamphetamine and marijuana, in violation of 21 U.S.C. §§ 841, 846 (2006). He was sentenced to eighty-seven months' imprisonment. Cao's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious grounds for appeal, but questioning whether the sentence was reasonable. Cao has filed a pro se supplemental brief. The Government has declined to file a reply brief. Finding no reversible error, we affirm.

We review sentences imposed by the district court for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597-98 (2007); see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We must first ensure that the district court committed no procedural error, such as improperly calculating the guidelines range, considering the guidelines to be mandatory, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, sentencing based on clearly erroneous facts, or failing to adequately explain the chosen sentence. Gall, 128 S. Ct. at 597. In the absence of procedural errors, we consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances, including any variance from the guidelines range.

Pauley, 511 F.3d at 473. While we may presume a sentence within the guidelines range to be reasonable, we may not presume a sentence outside the range to be unreasonable. Id. Moreover, we give deference to the district court's decision that the § 3553(a) factors justify a variant sentence and to the extent of that variance. Even if the reviewing court would have imposed a different sentence, this fact alone is not sufficient to justify reversing the district court. Id. at 473-74.

In imposing Cao's sentence, the district court correctly calculated the guidelines range and considered both the advisory nature of the guidelines and the § 3553(a) factors. The court provided adequate reasons for its decision to grant a downward departure and to deny any further variance. Accordingly, we conclude that Cao's sentence is both procedurally and substantively reasonable.

In his pro se supplemental brief, Cao merely reiterates the arguments he presented at sentencing for a downward departure. In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Cao, in writing, of his right to petition the Supreme Court of the United States for further review. If Cao requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

3

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cao. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED